UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-23920-GAYLES/GOODMAN

PAUL JACKSON,

    Plaintiff,

v.

MSC CRUISES S.A.,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Amended Complaint (the "Motion"). [ECF No. 11]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## BACKGROUND

Plaintiff Paul Jackson ("Plaintiff") brings this action against Defendant MSC Cruises, S.A. ("MSC") following an accident aboard MSC's vessel, the *MSC Seascape* (the "Vessel"). [ECF No. 5]. On January 23, 2024, while descending the staircase of the Vessel's theatre, Plaintiff fell and suffered injuries. *Id.* Plaintiff alleges that his fall was due to the absence of handrails on the staircase.

Plaintiff filed his Amended Complaint on November 1, 2024, alleging one general claim against MSC for negligence. [ECF No. 5]. Within that single claim, Plaintiff asserts several theories of negligence including: (1) negligent maintenance related to the lack of handrails; (2) negligent failure to warn passengers of the dangerous conditions created by the lack of handrails; and (3) negligent design of the theatre staircase. *Id.* ¶ 16. With respect to notice, Plaintiff alleges

that MSC "knew or should have known about the hazardous condition of the staircase due to the absence of handrails and failed to take action to rectify the condition or warn passengers." *Id.* ¶ 13. In addition, Plaintiff alleges that MSC was subject to U.S. Coast Guard regulations requiring the installation of handrails on staircases. *Id.* ¶ 9.

MSC has moved to dismiss arguing Plaintiff fails to plausibly demonstrate that MSC had actual or constructive notice of the risk creating condition, i.e. the staircase without handrails. [ECF No. 11].

## STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

## DISCUSSION

### A.    Shotgun Pleading

As an initial matter, the Court finds that the Complaint is a shotgun pleading. The Eleventh Circuit generally considers a complaint to be a shotgun pleading if, among other pleading deficiencies, it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015). "Plaintiffs may not 'cram multiple, distinct theories of liability into one claim' because each theory 'is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations.'" *Miles v. Carnival Corp.*, 767 F. Supp. 3d 1368, 1373 (S.D. Fla. 2025) (quoting *Ortiz v. Carnival Corp.*, No. 20-cv-24838, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020)). Here, Plaintiff attempts to allege claims against MSC for negligent failure to maintain, negligent failure to warn, and negligent design all within a single count. These claims "are distinct negligence claims and cannot be nestled within a general negligence claim." *Id.* (internal quotation omitted). Accordingly, Plaintiff's Complaint shall be dismissed without prejudice.

### B.    Notice

Even if the Amended Complaint did not improperly commingle theories of negligence, the Court finds that Plaintiff fails to adequately allege notice. To bring a maritime negligence claim, "a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citation omitted). "This standard requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of a risk creating condition

. . . ." *Holland v. Carnival Corp.*, 50 F. 4th 1088, 1094 (11th Cir. 2022) (internal quotation omitted). Therefore, "a shipowner's actual or constructive knowledge of the hazardous condition arises as part of the duty element in a claim seeking to hold the shipowner directly liable for its own negligence." *Id.*

"Actual notice exists when the defendant knows of the risk creating condition" *Bujarski v. NCL*, 209 F. Supp. 3d 1248, 1250 (S.D. Fla. 2016). "Constructive notice arises when a dangerous condition has existed for such a period of time that the shipowner must have known the condition was present and thus would have been invited to correct it." *Id.* (internal quotation omitted). "Alternatively, a plaintiff can establish constructive notice with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (internal quotation omitted).

The Court finds that Plaintiff fails to sufficiently allege that MSC had actual or constructive notice of the risk creating condition that caused his injury. Indeed, his general allegation that MSC "knew or should have known" of the dangerous condition of the stairway "due to the absence of handrails" is conclusory and lacks any detail about how MSC knew or should have known of about the danger. Moreover, Plaintiff's allegation that Coast Guard regulations mandate handrails for stairways on vessels is also conclusory and insufficient to establish notice. *See Holland*, 50 F.4th at 1095-96 (holding that allegations that "the hazard occurred on a highly trafficked staircase that was potentially visible to many crewmembers and was subject to the regulation of safety agencies" were insufficient to plausibly allege notice). As a result, Plaintiff's Amended Complaint is subject to dismissal for failure to allege notice.

## CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint, [ECF No. 11], is **GRANTED**.

2. Plaintiff's Amended Complaint, [ECF No. 5], is **DISMISSED without prejudice**.

3. Plaintiff may file a second amended complaint on or before June 24, 2025.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of June, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE